OartjtherS, J.,
delivered the opinion of the Court.
The complainant sold to the defendant a small tract of land on Stone’s river, in Davidson county. The deed gives a description of the land, and states that it contains “ thirty acres more or less,” and the consideration |1,050.
This bill is filed to correct a mistake as to the quantity of land, to the extent of fifteen acres, and claiming ¡|35 per acre for the same. It is charged that the sale was by the acre, and the quantity to be ascertained by a survey; that before the execution of the deed the survey was made by one Hamilton, and the quantity ascertained and concealed from him, and his deed obtained, and notes executed for the thirty acres, instead of the true quantity of forty-five acres.
The defendant denies that the sale was by the acre, but insists that it was in gross; that he was to give $1,050 for the tract; that he was, by the contract, to have it as containing thirty acres, whether it were more or less than that quantity. He relies upon his deed as written evidence of the contract which cannot be «hanged by parol.
The proof leaves no doubt upon the mind as to the contract having been a sale by the acre, and not in gross. It is clearly established that it was so under *235 stood by both parties, both by their actions and declarations, though the defendant sometimes denied it. The fact that a survey was to be made before the .execution of the last note for the consideration, and the deed, is almost conclusive of that fact. It is entirely so when combined with the declarations of both parties at, before, and after that time.
The testimony also raises a strong presumption that the defendant knew of the excess before the writings were drawn and signed, and concealed it from complainant. The facts are, that the survey was made by Hamilton on the day agreed upon; but the calculation was not made on that day, but was to be made out that night, and on the next day the parties were to meet again at the house of complainant, and execute the writing — the contract still resting in parol. The surveyor and the defendant went and staid together at the house of a neighbor, and returned next day about dinnertime, with the deed and notes prepared. The defendant read over the deed, and being in a great hurry, procured it to be signed by complainant, delivered his notes, and went off. At the time of signing the deed, complainant inquired whether the survey made out more or less than thirty acres; and referred to the contract, that whether more or less, the price agreed upon was $85 per acre. The .defendant asserted that he did not know how much there was, but he was to pay $1,050 for the tract, or $85. per acre for thirty acres, without regard to the actual number. So, after a short conversation, he went off in haste, having, as he said, urgent business of an official character to attend to at home, carrying the deed with him. It is impossible for the mind to doubt, from *236 these facts, that he and Hamilton had made a calculation upon the field-notes that night, at least, so' far as to be convinced that the tract exceeded thirty acres, and that this fact was purposely concealed from the complainant. It appears that the complainant was weak and sickly,’ and about sixty years of age. It may be that Gregory said what was literally true, when he asserted that he had not made an accurate calculation of the quantity, and that he did not know the exact quantity. But that he did know there were more than thirty acres there can be no question. He should have stated this fact to complainant, and not suppressed it when inquired of on that point; and more especially as he was with the surveyor, wlm was acting for both parties.
But still it is contended that the deed must be taken as containing the true and full contract, and that no parol testimony can be heard to change or reform it.
That such is the general rule, both at law and in equity, no one will be heard to question. But it is just as unquestionable that this may be done where clear proof is made of fraud or mistake. Both positions are too familiar to permit a reference to authorities.
The power of a Court of Equity to reform deeds in cases of fraud or mistake, was exercised by this Court in Williams v. Conrad, 11 Hum., 415; 8 Hum., 230; and 1 Hum., 433. The authorities are all collected in White and Tudor’s Lead. Ca., vol. 2, part 1, 558 to 596.
But in this case, perhaps, it is unnecessary to resort to the doctrine of reforming deeds, by the proof of mistake or fraud. The deed, perhaps, gives the boundaries correctly according to the survey, and needs no change; *237 but the statement of the quantity of land contained in those limits is inaccurate, and so is the amount of the consideration. That the consideration stated in a deed is only prima facie, and may be controverted by parol, has been often held. This deed is silent as to the disputed question, whether the sale was by the acre or in gross. To establish the former, and obtain pay for the lohole quantity sold, is the object of the bill. This fact may be made out by parol or extrinsic written evidence. At the last term at Knoxville, in the case of Bently v. Miller and Wife, not yet reported, we gave relief to the purchaser, Bentley, upon the ground that the sale was by the acre, as proved by extrinsic evidence, where the deed was like the present, because of a deficiency of acres. Such is the uniform course of decision where there is a substantial deficiency, and the contract by the acre; or, even in gross, wheret here is fraud or imposition. Not so, where the contract is fair, and the sale is by the tract upon the judgment of the parties.
The same rule must apply, under the same circumstances, in favor of the vendor where there is an excess, for which, by mistake or fraud, he has received no compensation, or has been deprived of the benefit of his contract of sale by the acre. Horn v. Denton, 2 Sneed, 125.
The complainant, then, is entitled to relief upon the ground of his actual contract, the mistake in the settlement carried into the writings executed, and for the fraud of the defendant.
The decree of the Chancellor will be affirmed with costs, and the cause remanded for further proceedings upon his decree, which is in all things correct.